UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JIN HUA ZHANG et al., )<br>    Defendants )  | Cr. No. 22-10279-AK |

MEMORANDUM PURSUANT TO LOCAL RULE 116.5(a)

After consultation with defense counsel, the United States of America, through counsel, files this memorandum pursuant to Local Rule 116.5(a). Based on the information contained herein, the parties request that the Court accept this status report in lieu of holding the Initial Status Conference, presently scheduled for December 13, 2022, and schedule an Interim Status Conference in approximately six weeks.

1. Automatic Discovery / Pending Discovery Requests

The government has produced automatic discovery in this case, Bates No. 1-746. Specifically, the government has produced two thumb drives containing a large volume of consensually recorded telephone calls, text messages, and audio and text messages sent over encrypted communication platforms; summaries and draft transcripts prepared for certain recorded conversations and meetings; applications, affidavits, and search warrants for residences, digital wallets, and to geolocate a cellular telephone; and other items. Many of the recordings produced are lengthy, occasionally lasting several hours, and many of the recordings take place in whole or in part in Mandarin Chinese.

2. Timing of Additional Discovery Productions

None at this time.

3. Timing of Additional Discovery Requests

None at this time.

4. Protective Orders

The government has produced this material to defense counsel with the agreement that counsel may review the material with their clients but not disseminate the recordings to them. All counsel have communicated in writing to undersigned counsel that they will abide by this agreement. The government will file a proposed protective order to that effect in the near future once the final remaining defendant has his initial appearance.

      5.      <u>Pretrial Motions under Fed. R. Crim. P. 12(b)</u>

The defendants are continuing to review the discovery produced to determine whether there are any viable motions to suppress. The defendants request the opportunity to update the Court on whether any motions to suppress will be filed at the next status conference.

      6.      <u>Timing of Expert Witness Disclosures</u>

The Court will set the timing of expert witness disclosures. At this time, the government anticipates calling a forensic chemist to testify concerning an expected analysis of the seized narcotics, a forensic accountant, and an expert witness to explain digital currency.

      7.      <u>Defenses of Insanity, Public Authority, or Alibi</u>

The defendants do not intend to raise a defense of insanity, public authority, or alibi.

      8.      <u>Speedy Trial Act</u>

The parties agree to exclude the time between the Initial Status Conference and the next status conference. The parties agree that this period of time requested above constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv). See also Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008).

      9.      <u>Interim Status Conference</u>

The government requests that the Court set the next Status Conference date in approximately 6 weeks. This will allow the defendants the time to review the discovery produced to date and determine whether there are any discovery matters to bring to the Court's attention.

10. <u>Other Matters</u>

There are no other matters to be addressed at this time.

                                          Respectfully submitted,

                                          RACHAEL S. ROLLINS
                                          United States Attorney

By:    /s/ Christopher Pohl
         Christopher Pohl
         Brian A. Fogerty
         Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 9, 2022.

                                          /s/ Christopher Pohl
                                          Christopher Pohl
                                          Assistant U.S. Attorney