UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 22-CR-10279-AK-11 |
| XIONG LIN | ) ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTIONS TO DISMISS ON GROUNDS OF IMPROPER VENUE
AND TO PRODUCE GRAND JURY MINUTES**

**ANGEL KELLEY, D.J.**

Defendant Xiong Lin has been charged in two counts of a three-count superseding indictment with conspiracy to distribute 500 grams or more of controlled substances, and a drug forfeiture allegation. The indictment alleges that Lin and others were part of a criminal organization that laundered illicit funds and intended to distribute controlled substances in Massachusetts.

On December 18, 2024, Lin filed a motion to dismiss the charges against him, arguing that venue is improper in the District of Massachusetts (the "District") because the charges against him are based on alleged drug transactions in New Jersey. [Dkt. 378]. The government opposes dismissal, arguing that the indictment specifically alleges the offense was committed within the District and that the trial is the proper forum for Lin to challenge the evidence of his participation in the conspiracy. [Dkt. 424]. For the following reasons, Lin's Motion to Dismiss on Grounds of Improper Venue ("MTD") [Dkt. 378] and Motion to Produce Grand Jury Minutes in Aid of his MTD [Dkt. 379] are **DENIED**.

1

I.   **BACKGROUND**

The following facts, drawn from "the allegations of the indictment and the unchallenged statement of proof of the prosecutor," are "accepted as true" for purposes of the motion to dismiss.  United States v. Ferris, 807 F.2d 269, 271 (1st Cir. 1986); see also Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952).

   **A.  Indictment**

During a two-year investigation, the Federal Bureau of Investigation (FBI) identified a criminal organization responsible for laundering at least $25 million in illicit proceeds and distributing cocaine and MDMA ("ecstasy").  [Dkt. 4-1].  The FBI utilized cooperating witnesses and undercover agents to infiltrate the organization, led by defendant Jin Hua Zhang, and traced funds to various global locations.  Lin was allegedly involved as a drug courier in Zhang's drug trafficking conspiracy.

On October 13, 2022, the government indicted several individuals, including Lin, alleging the defendants conspired to distribute controlled substances within the District and elsewhere.  [Dkt. 10].  Consequently, a warrant for Lin's arrest was issued in this District.  On May 11, 2023, Lin was arrested in the Middle District of Tennessee ("Tennessee").  On May 25, 2023, a superseding indictment was filed against Lin and eleven other defendants.  [Dkt. 114].

On May 30, 2023, Lin waived his in-person appearance, was advised of his rights and the charges against him, and entered a plea of not guilty to the allegations in the indictment.  The conditions of his pretrial release were imposed by Tennessee.  Count One of the indictment does not include Lin but alleges that several defendants were involved in money laundering from May 2021 to September 2022 across multiple districts, including Massachusetts, New York, Connecticut, New Jersey, California, and Florida.  Count Two charges Lin, Zhang, and co-

defendant Yanbing Chen with conspiracy to distribute and possess with intent to distribute controlled substances from May 2022 to September 2022 in Massachusetts, New Jersey, and elsewhere.

### B. Instant Motion Practice

Lin's counsel met with him in Nashville in September 2024 and subsequently determined that he has viable defenses to the indictment, including improper venue in the District. On October 28, 2024, Lin's counsel sought leave to file a motion to dismiss the indictment against him with prejudice. [Dkt. 348]. On November 20, 2024, the Court granted the motion for leave. [Dkt. 367].

On December 18, 2024, Lin moved to dismiss the charges against him for lack of proper venue. [Dkt. 378]. He argued that the government's allegations stem from alleged offenses occurring in New York and New Jersey, and that he, a Chinese immigrant, has never been to Massachusetts. The government maintains that because Lin took part in a drug transaction believed to be intended for Boston, prosecution in Massachusetts is proper. Lin contends that the government hasn't shown evidence of a conspiracy between him and Zhang to distribute illicit items. Even if a conspiracy existed, Lin argues his alleged conduct did not occur in this District. Furthermore, he contends the government has not provided evidence showing his knowledge of other co-conspirators. While the government has proffered evidence, including ecstasy and cocaine deliveries, Lin argues this does not prove his involvement in a conspiracy. He asserts that handing off a package consistent with instructions from an undercover agent doesn't prove his knowledge of the package's contents or an agreement to commit a crime. Lin points to the lack of text messages, emails, or recordings between him and Zhang, with the only screenshots

being between an undercover agent and "Zaoshanghao" (presumed to be Zhang), which don't indicate Zhang's location.

Lin also filed an affidavit and a motion to produce any grand jury minutes (testimony, documents, and electronic media) that led to his indictment. [Dkt. 379]. In his affidavit, Lin explains that he became a Brooklyn resident in 2022 and started a livery service primarily serving the Asian population. [Dkt. 380]. The service transported people and packages throughout the metropolitan New York and New Jersey area. He further states that he has never been to Massachusetts, never arranged or helped others arrange to transport any items or people to Massachusetts, and was never asked to travel to Massachusetts.

In support of his motion for the grand jury minutes, Lin argues he needs the documents to challenge the validity of the conspiracy charge and the accusation of his involvement in criminal activity in Massachusetts, as he has never been to the state. Lin mentions that a different U.S. Grand Jury in the Eastern District of New York returned an indictment on October 6, 2022 against several defendants, two of whom are also co-defendants in the present case. On October 7, 2022, in this District, a criminal complaint was issued for several of the subsequently indicted defendants in this case, but not for Lin. However, on October 12, 2022, a subsequent criminal complaint was filed that included Lin, and he was arrested in Nashville that same day. At his initial appearance in Tennessee, the government acknowledged that the indictment resulted from a parallel investigation in New York, with Zhang identified as the ringleader of the conspiracy.

Lin claims that his actions could be interpreted as routine and innocent or as part of a criminal conspiracy, depending on one's perspective, and stresses the need for access to grand jury minutes to establish the nature of his alleged involvement, if any, in the Massachusetts conspiracy. He attacks the government's assertion that he had "guilty knowledge" or ever

4

knowingly participated in a criminal conspiracy. First, he argues that the crime he is charged with involved discrete, non-continuing acts, which should place the venue in the Eastern District of New York rather than Massachusetts. Notably, though, Lin contends that "the transfer of his case to a more appropriate venue is not appropriate at this late date, some years after Mr. Lin has relocated . . . and presently lacks ties to that community . . ." Second, Lin argues that the elements required to prove the conspiracy charge against him, including intent and agreement to commit the substantive offense, are absent from the evidence presented by the government.

Lin further argues that Zhang's role in Count Two is similar to the key figure in Kotteakos v. United States, 328 U.S. 750 (1946), where no singular conspiracy arose from one person's interactions with multiple unconnected individuals. Instead, Lin asserts, the government's evidence must show an interdependence and agreement among alleged co-conspirators. Though Zhang's organization allegedly operated across the United States, including in Massachusetts, Lin argues his substantive due process rights are being violated by lodging the venue in Massachusetts since his alleged criminal activities were centered elsewhere. Lin emphasizes that conspiracy law focuses on the nature of agreements, and his actions, delivering packages as part of his car service, do not indicate an express or implied agreement to participate in a conspiracy. He also notes that a press release following the indictment suggests multiple smaller conspiracies, not a single one involving all defendants. Lastly, Lin requests that the venue issue be submitted to the jury if his motion to dismiss is denied.

The government opposes Lin's motions, contending that the indictment specifically alleges Lin was part of a conspiracy that existed in Massachusetts and that Lin participated in a drug transaction with the belief that the drugs were intended for Boston, which suffices for pretrial inquiry. They assert that the trial is the appropriate setting for Lin to challenge the

5

evidence, and they plan to present strong evidence of the conspiracy's connection to Massachusetts.  Lin also seeks early disclosure of grand jury materials, but the government argues this is unnecessary and contrary to established rules.  In reply to the government's opposition, Lin maintains that he had no knowledge of Zhang's endeavor involving Massachusetts, that the government, if anything, has alleged venue in New York or New Jersey, and the facts as alleged make out a case of not one single conspiracy, but several.

## II.    ANALYSIS

Rule 12(b) of the Federal Rules of Criminal Procedure (the "Rules") allows pretrial motions to raise any defense, objection, or request that can be determined "without a trial on the merits."  Fed. R. Crim. P. 12.  Dismissal of an indictment, however, "directly encroaches upon the fundamental role of the grand jury," so the power to dismiss an indictment is "reserved . . . for extremely limited circumstances."  Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)); see also Costello v. United States, 350 U.S. 359, 364 (1956) (declining to permit "defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence," as doing so "would run counter to the whole history of the grand jury institution"); United States v. Ernst, 502 F. Supp. 3d 637, 646 (D. Mass. 2020) (stating a court must "take the facts alleged in the indictment as true" and be "mindful that the question is not whether the government has presented enough evidence to support the charge" (internal quotation omitted)).  Simply put, motions to dismiss indictments based on disputed facts, see United States v.

Covington, 395 U.S. 57, 60 (1969), or challenging the sufficiency of the evidence, see United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2011), should be denied.

### A. Motion to Dismiss Based on Improper Venue

Motions based on improper venue must be raised by pretrial motion. Fed. R. Crim. P. 12(b)(3)(A)(i). When venue is challenged, the government must prove venue by a preponderance of the evidence. See United States v. Alexander, 958 F.3d 1, 10 (1st Cir. 2020). Circumstantial evidence can be sufficient. See 8A Fed. Proc., L. Ed. § 22:72 ("Direct proof of venue is not required. The government may rely on circumstantial evidence to prove venue."); United States v. Conteh, 2 F. App'x 202, 203–04 (2d Cir. 2001) ("Venue may be proven by circumstantial evidence.").

Venue in federal criminal cases is determined by constitutional provisions, statutes, and rules. See U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."); Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed."). The "continuing violation theory" allows an offense begun in one district and completed in another, or committed in more than one district, to be prosecuted in any district where the offense was begun, continued, or completed. 18 U.S.C. § 3237(a); see, e.g., U.S. v. Ramnath, 365 F. App'x. 230, 234 (1st Cir. 2010) (concluding that, in a drug conspiracy case, venue was proper even though a particular co-conspirator was not himself physically present in that district because there was sufficient evidence to show that was where the "chain of commerce" ended); United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996) ("The defendant need not have been

physically present in the trial district during the conspiracy."); U.S. v. Uribe, 890 F.2d 554 (1st Cir. 1989) (holding venue proper even if a particular defendant has neither been to the jurisdiction nor committed any acts there). This is because "'[t]he touchstone of a conspiracy is an agreement to do an unlawful act;' each coconspirator need not know of or participate in every act in furtherance of the conspiracy." United States v. Guevara, No. CR 09-10092, 2015 WL 4776885, at *8 (D. Mass. Mar. 26, 2015) (quoting United States v. Martinez–Medina, 279 F.3d 105, 113 (1st Cir. 2002)).

Here, the indictment alleges that the defendants directed their criminal activities toward Massachusetts. Specifically Zhang, the leader of the conspiracy, arranged drug transactions intended for delivery in Boston. Lin asserts that he cannot be tried in Massachusetts unless he acted within the District or was aware others were. However, as previously stated, the indictment alleges the conspiracy occurred in multiple districts, *including* Massachusetts. Lin's role as an alleged drug courier, regardless of his physical location, would further the conspiracy's objectives, making Massachusetts a proper venue for prosecution. Moreover, the government's evidence, including of ecstasy and cocaine deliveries, demonstrates Lin's involvement in the activities intended to have a direct impact on Massachusetts. The government has made sufficient allegations to connect Lin to the conspiracy and the conspiracy to Massachusetts. Lin's knowledge of the package contents or agreement to commit a crime is not necessary for establishing venue; it is enough that his actions were part of a broader conspiracy with intended effects in Massachusetts. In summary, venue is proper in this District because the conspiracy involved acts in Massachusetts, criminal actions were directed toward Massachusetts, and the indictment provides adequate notice of these facts. Therefore, Lin's MTD is **DENIED**.

### B. Motion for Production of Grand Jury Minutes

Lin also filed a motion to produce grand jury minutes, citing a particularized need for the testimony to support his motion to dismiss the indictment. The grand jury process is a cornerstone of justice in our criminal law system, enshrined in the Constitution itself. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959); Costello, 350 U.S. at 361–362; Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 218 (1979). Both Congress and the Supreme Court have consistently defended grand juries against unwarranted intrusion, and courts are reluctant to authorize breaches of this secrecy. United States v. Sells Eng'g, Inc., 463 U.S. 418, 425 (1983). This secrecy remains important even after a grand jury has completed its functions. See Douglas Oil, 441 U.S. at 222 ("[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities."). It encourages potential witnesses to testify freely, ensuring their testimony does not become public knowledge and that they are not improperly influenced by those under investigation. United States v. Pimental, 380 F.3d 575, 591 (1st Cir. 2004).

However, the rule of secrecy is not absolute. Governed by Rule 6(e), which imposes a strong presumption of grand jury secrecy, disclosure is permitted only in exceptional circumstances when a defendant demonstrates a "particularized need" for the requested materials. Illinois v. Abbott & Associates, Inc. ("Abbott"), 460 U.S. 557, 566 (1983). For example, a court may authorize disclosure "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred *before the grand jury*." Fed. R. Crim. P. 6(e)(3)(E)(i)–(v) (emphasis added). Parties seeking disclosure must demonstrate that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, the need for disclosure is greater than the need for continued secrecy, and the request

9

is structured to cover only what is needed." United States v. George, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (citing Douglas Oil Co., 441 U.S. at 222) (cleaned up).  Rule 6(e)(3)(E) "is not an invitation to engage in fishing expeditions for misconduct in grand jury proceedings when there are no grounds to believe that any wrongdoing or abuse has occurred." George, 839 F. Supp. 2d at 437 (D. Mass. 2012) (internal quotations omitted).

Here, Lin argues that he has a particularized need because the materials sought are necessary to avoid the possible injustice of trying him in an improper venue.  However, this is insufficient under Rule 6(e).  The record lacks any findings of circumstances that are peculiar to this case, and Lin's request is not narrowly tailored to cover only the material needed.  Instead, he seeks to inspect all the grand jury minutes, which does not satisfy the requirement for specificity.  The fact that Lin has never been to Massachusetts does not inherently invalidate the grand jury's findings or the indictment.  Lin is essentially asking the court to evaluate the sufficiency of the evidence against him.  Entertaining Lin's invitation would be improper.  Rather than a pretrial motion to dismiss, the proper procedure for challenging the sufficiency of the government's evidence is a motion for acquittal.  Fed. R. Crim. P. 29(a).  Given the strong presumption of grand jury secrecy and the absence of a demonstrated particularized need, the Court **DENIES** Lin's motion to produce grand jury minutes without prejudice to its renewal.

### III. CONCLUSION

For the foregoing reasons, Lin's MTD [Dkt. 378] and Motion to Produce Grand Jury Minutes in Aid of his MTD [Dkt. 379] are **DENIED**.

**SO ORDERED.**

Dated: February 27, 2025                          /s/ Angel Kelley
                                                  Hon. Angel Kelley
                                                  United States District Judge