UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>3.    FENG CHEN, and )<br>11.    XIONG LIN, )<br>Defendants )  )  )  ) | Cr. No. 22-10279-AK |

ASSENTED-TO MOTION TO CONTINUE TRIAL

Now comes the United States, through counsel, and respectfully requests that this Court continue the trial in this matter, currently scheduled for April 7, 2025, for approximately 90 days, to a date convenient to the Court and counsel. Counsel for defendant Lin assents to this motion. Counsel for defendant Chen opposes the motion. Neither defendant is in custody.

A continuance will allow the parties to fully review the evidence and prepare this case for trial. During its case in chief, the government intends to play consensually recorded conversations and meetings between these remaining defendants and cooperating witnesses. These often-lengthy conversations feature both Mandarin and Fujianese dialects. The government has produced summaries of these conversations, but despite its best efforts, the government has not yet received draft transcripts of these recorded conversations and meetings from linguists. The linguists have advised the government that it will receive transcripts of these conversations and meetings in the near future, though it is likely that these drafts will need to be reviewed, further edited, and clarified by the parties before they can be used at trial. Additionally, earlier today, the government returned a Second Superseding Indictment alleging that Chen operated and/or aided and abetted an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count Three). This charge was brought based in part on newly developed evidence.

A continuance will allow the parties to further develop and consider this evidence in advance of trial.

Should defendant Chen suggest severance as an alternate remedy, the government would object. As the parties and the Court previously have discussed and agreed, trying the remaining defendants together is efficient and consistent with the rule that "persons who are indicted together should be tried together." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993). Here, in particular, the complex nature of the undercover operation used to gather evidence against both defendants; the fact that the government will call many of the same witnesses in both trials, if severed; and the shared need for linguists for the defendants and witnesses, are all factors that weigh in favor of the defendants being tried together. See Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together"); United States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2003) ("Because the general rule is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources, severance is particularly difficult to obtain where, as here, multiple defendants share a single indictment."); see also O'Bryant, 998 F.2d at 25 ("[W]he multiple defendants are named in a single indictment, a defendant who seeks a separate trial can ordinarily succeed in obtaining one by making a strong showing of evident prejudice. The hurdle is intentionally high; recent Supreme Court precent instructs that 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" (quoting Zafiro, 506 U.S. at 539)).

The government is sensitive to the timing of its request in relation to upcoming pretrial deadlines and the Court's need to consider its ruling. Accordingly, the government asks the Court

to amend its procedural order (ECF No. 369) to allow the government to pause filing or producing those items currently due on March 10, 2025, until the Court rules on this assented-to motion.

The government also requests that this Court exclude the time from April 7, 2025, to any new trial date selected by the Court. For the reasons noted above, the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). Moreover, Defendant Lin has assented to the government's motion. <u>See</u> <u>United States v. Barnes</u>, 159 F.3d 4, 10-11 (1st Cir. 1998) ("[I]t is well-settled that an exclusion of time attributable to one defendant is applicable for all codefendants").

For the reasons set out above, the government, with the assent of defendant Lin, respectfully requests that the Court continue this trial for approximately 90 days.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   /s/ Christopher Pohl
Christopher Pohl
Brian A. Fogerty
Meghan C. Cleary
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 6, 2025.

/s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney